In the Matter of LEONARD H. SALTZ, an Attorney, Respondent. CO-ORDINATING COMMITTEE ON DISCIPLINE OF THE ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, THE NEW YORK COUNTY LAWYERS' ASSOCIATION AND THE BRONX COUNTY BAR ASSOCIATION, Petitioner.

First Department, November 20, 1969.

86

*George R. Osborne* (*Arthur Winoker* with him on the brief), for petitioner.

*Henry A. Drescher* for respondent.

*Per Curiam.* Respondent was admitted to the Bar in the Second Department in 1956, but has maintained his office in the First Department. He graduated college in 1950 and commenced law studies, interrupted by military service, and resumed at night after separation from the service. During this period, he worked for the Welfare Department. He was employed by several lawyers and then went on his own, handling a number of apparently small negligence cases, many recommended, without his solicitation, by his former welfare '' clients.''

Four charges have been laid against him, and were heard by a Referee, who has reported. The first recites that, in two years, he paid various sums totaling about $530 to 14 persons who had recommended 18 personal injury cases. There is no discernible pattern of relationship between these gratuities and the proceeds of the cases. Admitting the payments, made by check and never concealed, he explained that he had reimbursed indigent people for their time and trouble, for outlays of carfare and lunch, and for small services as escorts and interpreters, and that they would have sent him the cases even without payment. The making of these payments for bringing cases to him violated canon 28 of the Canons of Professional Ethics (*Matter of Vail,*

228 App. Div. 217; *Matter of Greenwald,* 229 App. Div. 189) but did not constitute fee splitting in violation of canon 34.

The second charge is based on failure to file 90 statements of retainer (Special Rules Regulating Conduct of Attorneys, rule IV, subd. [1], pars. [a] and [b]; 22NYCRR 603.4 [a] [1] and [2] and the third on failure similarly to file 92 closing statements (rule IV, subd. [2], par. [a]; 22NYCRR 603.4 [b] [1]) in a period of two years. Admitting the violations, cured *nunc pro tunc* after commencement of this proceeding, he has explained in mitigation that he could not afford stenographic help, and the paper work had gotten beyond his control.

The fourth charge is that he failed to maintain a special bank account for deposit of receipts in contingent fee cases (rule IV, subd. [4], par. [a]; 22NYCRR 603.4 [d] [1]). He had such an account, used solely for real estate escrow money. His custom, on receipt of a check for settlement or judgment, was to give the client his personal check for the client's share, and then to deposit the settlement check, now his sole property, in his personal account. The violation consisted, therefore, of failure to follow the strict requirement of the rule by deposit of the check in the special account, and, though there was neither commingling nor withholding, this conduct was improper (*Matter of Kiley,* 22 A D 2d 527; *Matter of Sparer,* 28 A D 2d 1); it is, however, *de minimis* (*Matter of Rivkin,* 21 N Y 2d 714, revg. 27 A D 2d 741).

The first three charges are sustained as professional misconduct (Judiciary Law, § 90, subd. 2), and the fourth is dismissed, and, to the extent herein set forth, the Referee's report is confirmed.

We find excellent character evidence in respondent's favor, and it appears that he was more mistaken than venal, and without evil intent. He co-operated fully in the proceeding and has apparently mended his ways. There is no indication that he ever cheated or harmed anyone. He is 39 years old, married, and has two small children, and, except for the derelictions here noted, his conduct has apparently been exemplary. He has violated the canons and the rules, however, and a sanction is indicated because his dereliction may not be overlooked.

Respondent should be suspended for a period of three months.

CAPOZZOLI, J. P., MCGIVERN, MARKEWICH, MCNALLY and STEUER, JJ., concur.

Respondent suspended for a period of three months, effective December 22, 1969.